176 March 19, 2025 No. 245

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of F. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. C. B., Jr.,
*Appellant.*

Multnomah County Circuit Court
24JU00981;
Petition Number
115000;
A185413 (Control)

In the Matter of B. B. III,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. C. B., Jr.,
*Appellant.*

Multnomah County Circuit Court
24JU00982;
Petition Number
115000;
A185414

In the Matter of H. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. C. B., Jr.,

*Appellant.*

Multnomah County Circuit Court
24JU00983;
Petition Number
115000;
A185415

Michael S. Loy, Senior Judge.

Submitted February 4, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Reversed and remanded for entry of judgment omitting allegation 2(E) as a basis for jurisdiction; otherwise affirmed.

**JOYCE, J.**

In this juvenile dependency case, father appeals from a judgment of the juvenile court that took jurisdiction over his three children. As we explain below, as to the allegation that jurisdiction was justified because father's mental health problems interfere with his ability to safely parent the children, we agree that the evidence was insufficient to support that basis on which the juvenile court took jurisdiction. As to the other bases on which the juvenile court took jurisdiction, having reviewed the record, we conclude that the court did not err. Accordingly, we reverse and remand for entry of a judgment omitting allegation 2(E) as a basis for jurisdiction and otherwise affirm.

We review the sufficiency of the evidence supporting dependency jurisdiction by "view[ing] the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess[ing] whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). "To establish a basis for juvenile court jurisdiction for purposes of ORS 419B.100(1)(c), the state must prove, by a preponderance of the evidence, ORS 419B.310(3), that a child's welfare is endangered because, under the totality of the circumstances, there is a current threat of serious loss or injury to the child that is reasonably likely to be realized." *Dept. of Human Services v. K. C. F.*, 282 Or App 12, 19, 383 P3d 931 (2016) (internal quotation marks omitted).

The juvenile court took jurisdiction over the three children on several jurisdictional bases:

- Father has exposed the children to domestic violence against mother;

- Father has physically abused the children and caused them emotional distress;

- Father "has mental health issues which impair his judgment and ability to safely parent the children"; and

- Two of the three children are fearful of returning to father's care.

On the record before us, we readily conclude that the juvenile court correctly took jurisdiction on the first two bases, involving domestic violence and physical abuse. As to the allegation that two of the three children are afraid of returning to father's care, father argues that there is no evidence that the two children's fear of father exposed the third child—who did not share that same fear—to a risk of harm, such to support taking jurisdiction over the third child on that basis. Whatever merit that argument may have, father did not make that argument to the juvenile court; his argument is thus unpreserved, and we decline to address it. *See Dept. of Human Services v. C. M.*, 284 Or App 521, 530-31, 392 P3d 820 (2017) (rejecting as unpreserved an argument that the evidence was insufficient to support a jurisdictional allegation where the parent failed to challenge that basis below).

We reach a different conclusion with respect to the allegation that father's mental health interferes with his ability to parent. The evidence related to that allegation came from the testimony of two of the children, who described that father "went a little crazy" at one point, someone had put a "spell" or "hex" on father, and he was "seeing things." It is not apparent from the record that that evidence reflects "mental health issues"; to the extent that the court relied on that evidence, without more information about father's condition, it is insufficient in any event to support a conclusion that there is a reasonable risk of harm to the children as a result. *See K. C. F.*, 282 Or App at 19-20 (the record lacks evidence of the "serious loss or injury to the child that is reasonably likely to be realized" with respect to the allegation (internal quotation marks omitted)). We therefore reverse and remand the jurisdictional judgment for the court to enter a judgment omitting allegation 2(E) as a basis for jurisdiction.

Reversed and remanded for entry of judgment omitting allegation 2(E) as a basis for jurisdiction; otherwise affirmed.